**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2009

No. 08-50521
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE JUAN AVILA-DIAZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2943-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judge.

PER CURIAM:[*]

Jose Juan Avila-Diaz (Avila) appeals the 30-month sentence imposed by the district court following his guilty plea to reentering the United States after having been deported. He argues that the district court imposed an unreasonable sentence that was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a)(2). He further argues that this court should not afford the sentence a presumption of reasonableness because U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2 is not supported by empirical research upon which the Sentencing Commission typically promulgates Guidelines. He cites *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2008), in support of this argument. Although Avila argued in the district court that the enhancement of his sentence under §2L1.2 was unconstitutional, he did not argue that § 2L1.2 itself was flawed. Avila's empirical argument is thus reviewed for plain error only. *See United States v. Garza-Lopez*, 410 F.3d 268, 272 (5th Cir. 2005).

In *Kimbrough*, the Supreme Court determined that a district court reasonably could conclude that the disparity between crack and powder cocaine resulted in a sentence that was too harsh. *Kimbrough*, 128 S. Ct. at 574. The Court held that because the crack cocaine Guidelines did not take into account empirical data and were not formulated in the manner ordinarily undertaken by the Commission, "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 563. However, the Court said nothing of the applicability of the appellate presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). The appellate presumption is therefore applicable in this case.

Avila has provided this court with no authority in support of his contention that his 30-month sentence was too harsh. The statutory maximum penalty that Avila was facing was 20 years of imprisonment. 8 U.S.C. § 1326(b)(2). The district court considered Avila's personal circumstances, including his motive for illegally returning to the United States, in selecting a sentence at the bottom of the guidelines range. Avila has failed to overcome the presumption that his sentence was reasonable. *Campos-Maldonado*, 531 F.3d at 338-39. Accordingly, the judgment of the district court is AFFIRMED.